Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diego Lorenzana,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Axway, Inc. and Kevin Meeks,<br><br>　　　　　　　　Defendants. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiff Diego Lorenzana, by and through the undersigned counsel, hereby seeks relief under the Americans with Disabilities Act (ADA), Family Medical Leave Act (FMLA); Title VII; 42 U.S.C. § 1981 (Section 1981); and Arizona's Paid Sick Time Law as follows:

**PARTIES**

1.　Plaintiff Diego Lorenzana was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" of Axway, Inc. within the meaning and purposes of all relevant statutes at all times material to this action.

2.　Defendant Axway, Inc. ("Axway") is a Delaware corporation at all relevant times conducting its business in Maricopa County, Arizona.

3.　Defendant Kevin Meeks is an individual resident of Maricopa County, Arizona.

4.　Axway was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

5.　Defendant Meeks also stood in the status of an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action, in that he exercised daily economic control over Plaintiff's (and other employees') employment.



6. Upon information, and belief Defendants employ more than 50 people.

7. At all times pertinent to this Complaint, Defendants' managerial employees were acting within the course and scope of their employment with Defendants; and as a result thereof, Defendants are responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

8. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343. Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

10. The unlawful employment practices described herein were committed within the State of Arizona, on Defendants' premises located in Maricopa County, State of Arizona.

11. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

12. Axway is a software and services company that provides businesses with tools for managing the exchange of data across enterprises, business-to-business communities, the "cloud," and mobile devices.

13. Axway is headquartered in Phoenix, Arizona and has additional locations in 17 countries around the world.

14. Mr. Lorenzana began his employment with Axway in 2014 as a Senior Manager of Services.

15. In January 2016, Axway promoted Mr. Lorenzana to Director of Services.

16. In July 2019, Axway gave Mr. Meeks supervisory oversight over Mr. Lorenzana.

17. The previous year, Mr. Meeks had commented to Mr. Lorenzana that, during Mr. Meeks' recent trip to Costa Rica, he had seen a sloth named "Diego" who reminded him of Mr. Lorenzana.

18. Mr. Lorenzana is Hispanic and was offended by the comparison.

19. Upon information and belief, Mr. Lorenzana was the only Hispanic holding a



position at his level.

20. Mr. Lorenzana had worked diligently and successfully for Axway during his tenure.

21. Mr. Lorenzana informed Mr. Meeks that he was offended by the statement, and documented the comment and his discussion with Mr. Meeks in an email to management.

22. On August 6, 2019, Mr. Lorenzana suffered severe injuries after being struck by an automobile (not work-related).

23. He sought information from Axway related to short-term disability benefits.

24. He continued to work remotely on August 7 & 8, 2019.

25. On August 7, he realized that, due to the severity of his injuries, he would need medical leave and contacted Mr. Meeks to obtain FMLA paperwork.

26. The same day, he also reached out to Axway's HR department to request FMLA.

27. He left messages again for HR on August 8 to obtain FMLA paperwork.

28. At the end of the day on August 8, Axway informed Mr. Lorenzana that he was terminated effective August 9, 2019.

29. Mr. Meeks was the decision-maker regarding Mr. Lorenzana's termination, in whole or in significant part.

30. Upon information and belief, the decision to terminate Mr. Lorenzana was based upon his opposition to or report of the offensive racial slur to management, and/or his injuries (creating the perception of a disability), request for short-term disability (also creating the perception of a disability), request for FMLA paperwork, and his need for medical leave (including paid sick time).

31. After his termination, Mr. Lorenzana timely filed a charge of discrimination with the EEOC. A true and correct copy of that charge is attached as Exhibit A.

32. On January 28, 2021, the EEOC issued its Notice of Suit Rights. A true and correct copy of that notice is attached as Exhibit B.

33. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**FIRST CAUSE OF ACTION – FMLA INTERFERENCE**

34. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.



35. Plaintiff provided prompt and reasonable notice to both Defendants of his need to quarantine on the advice of a healthcare provider and his subsequent diagnosis

36. But for his diagnosis and need to quarantine, Plaintiff would have been able to work.

37. The FMLA requires Defendants to restore Plaintiff to his same or equivalent position following his medical leave; instead Defendants terminated Plaintiff.

38. Upon information and belief Defendants considered Plaintiff's medical condition requiring FMLA leave and/or or Plaintiff's use of FMLA leave as a negative factor in making the decision to terminate him.

39. Defendants' termination of Plaintiff for his need for leave to which he was entitled under the FMLA, before Plaintiff had the opportunity to utilize that leave (whether paid or unpaid) had the effect of interfering with Plaintiff's rights under the FMLA.

40. Defendants have thus interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615.

41. Defendants have caused Plaintiff economic damages by violating the FMLA.

42. Because Defendants' violations were committed without good faith, Plaintiff is entitled to an equal additional amount as liquidated damages under the FMLA.

43. Plaintiff is further entitled to equitable relief as determined by the Court.

**SECOND CAUSE OF ACTION – ADA DISCRIMINATION**

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

45. Plaintiff's injuries, as described above, caused substantial limitation to the performance of major life activities, and/or the perception by Defendant Axway that Plaintiff experienced substantial limitations of major life activities.

46. Plaintiff's request for medical leave and disability paperwork placed Defendant on notice of a disability and contributed to the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

47. Defendant failed to engage Plaintiff reasonably in the interactive process required by the ADA to pursue a reasonable accommodation.

48. Defendant further failed to provide Plaintiff a reasonable accommodation, despite



4

the easy availability of such an accommodation.

49. Defendant terminated Plaintiff.

50. By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating him disparately from other non-disabled workers in violation of the ADA.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of past and future lost wages and value of benefits, and other compensatory damages such as emotional distress causing physical symptoms.

52. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

### THIRD CAUSE OF ACTION – TITLE VII RETALIATION

53. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

54. Plaintiff engaged in protected activity as described above.

55. Plaintiff experienced adverse action from Defendant Axway for his protected activity – namely, his termination.

56. But for his protected activities, Plaintiff would not have received these adverse actions.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

59. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

### FOURTH CAUSE OF ACTION – SECTION 1981 RETALIATION

60. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

61. Plaintiff is a member of a non-white minority – Hispanic.

62. Alternatively, Defendants perceived Plaintiff to be a member of a non-white



minority – Hispanic – and treated Plaintiff differently based on that perception.

63. Plaintiff's employment with Defendants was contractual in nature.

64. Both Defendants retaliated against Plaintiff based on his protected activity of complaining about discriminatory actions by a co-worker based on his actual or perceived race.

65. The retaliation directly impacted performance, modification, and termination of his employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

66. Defendants' retaliation was intentional.

67. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

68. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

69. Defendants' conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendants.

**FIFTH CAUSE OF ACTION – VIOLATION OF ARIZONA PAID SICK TIME LAW**

70. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

71. Arizona has adopted a Paid Sick Time law, A.R.S. §§ 23-371, *et seq*.

72. A.R.S. § 23-364(B) states:

> No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article, for assisting any other person in doing so, or for informing any person about their rights.  Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

73. Both Defendants violated A.R.S. § 23-364 as described herein, by terminating



Plaintiff for asserting his claim to take sick leave and while taking sick leave.

74. Additionally, upon information and belief, Defendants failed to provide notice of Plaintiff's rights under A.R.S. 23-364 as required by law.

75. A.R.S. § 23-364(C) authorizes a private right of action for any private party injured by a violation.

76. A.R.S. § 23-364(G) mandates a remedy of an amount "sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final."

77. Defendants' discrimination and/or retaliation were committed without justification or excuse.

78. As a direct result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $150.00 per day until final judgment, and the failure to post and keep proper records penalties under § 23-364(F).

## JURY TRIAL DEMANDED

79. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal and/or state law;

B. Assessing applicable civil fines and penalties against Defendants as authorized under the statutes cited herein;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

D. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' unlawful actions, and make him whole for all earnings he would have received, including, but not limited to, back pay, front pay, pension, and other lost benefits;

E. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;



F. Awarding Plaintiff statutory and liquidated damages in an amount to be determined by enforcement of the statutes herein;

G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

H. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 14th day of April, 2021,

JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*
*Diego Lorenzana*
